**KAUFMAN DOLOWICH VOLUCK**

ATTORNEYS AT LAW

**Keith Gutstein, Esq.**
Email: KGutstein@kdvlaw.com

**Edward Grimmett, Esq.**
Email: EGrimmett@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

December 5, 2022

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **Correa v. Gold Bull Vend, LLC et al**
              **21-cv-07781-JGK**

Dear Judge Koeltl:

This office represents defendants, Gold Bull Vend, LLC (d/b/a Sudsy Water Laundry & Dry Cleaners) ("Gold Bull Vend") and LaChena Clark[1] (collectively referred to hereinafter as "Defendants"), in the above-referenced matter. In accordance with the holding in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015), this letter motion is submitted jointly with Plaintiff Sandra Correa, to respectfully request that Your Honor approve the within Settlement Agreement and Release (the "Agreement") between the Parties, annexed hereto as Exhibit A.

This Agreement represents a good faith effort between experienced labor and employment counsel to negotiate an action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), resulting in a settlement which provides Plaintiff with a satisfactory recovery of her damages under applicable law.

I.    **Plaintiff's Allegations and Defendant's Responses**

On September 23, 2021, Plaintiff, represented by counsel, commenced a wage and hour lawsuit against Defendants (the "Complaint"). The Complaint alleges that Defendants violated the FLSA and NYLL. Specifically, Plaintiff alleges that Defendants employed her to perform various duties, such as washing and drying clothes at Gold Bull Vend, for which she was paid less than the applicable minimum wage and worked in excess of forty (40) hours per week without overtime compensation. Specifically, Plaintiff alleges that Defendants employed her from May 2021 through August 2021, she worked approximately fifteen (15) to fifty-six (56) hours per week, and she was compensated at the rate of ten dollars ($10.00) per hour for all hours worked.

---

[1] Please note that "LaChena Clark" was incorrectly identified in the caption of the Amended Complaint as "LaChana Clark."

Defendants Position: Defendants dispute the allegations asserted by Plaintiff. First, it is Defendants' position that Plaintiff is incapable of prevailing on her minimum wage claims because she was paid the applicable minimum wage ($15.00 per hour) at all relevant times. Additionally, it is Defendants' position that Plaintiff grossly exaggerates the scope of her claims. In fact, Defendants maintain that their records demonstrate that Plaintiff worked limited amount of overtime, if at all.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.    **Settlement Negotiations**

On January 20, 2022, Plaintiff provided Defendants with their damages calculation, which totaled approximately $22,000 and included unpaid wages and liquidated damages. Accordingly, Plaintiff conveyed an initial demand of $22,000. Plaintiff's damage calculations *and* initial demand were wholly based on Plaintiff's maximum possible recovery if she were able to establish each and every claim and did not account for any of the aforementioned arguments comprising Defendants' position. Namely, Plaintiff did not account for weeks where she clearly worked less than fifty six (56) hours and was paid in accordance with the applicable minimum wage.

While the Parties were engaging in discovery pursuant to the Court's Discovery Plan and Scheduling Order, the Parties made significant strides on settlement discussions. Moreover, while the Parties were engaging in settlement discussions, Defendants continued to experience a downfall in their business as a result of the COVID-19 variant, Omicron, and rising inflation rates. Initially, Defendants were hopeful that their business would turn around following the devastating impact that the COVID-19 pandemic had on New York City businesses following governmental shutdowns in or about March 2020. However, due to this COVID-19 variant and the state of the economy, more individuals were either working remotely or needed to find a way to cut unnecessary expenses. As a result, Defendants lost a significant number of clients, as there was less of a demand for laundromat and dry-cleaning services.

With each party recognizing the risks associated with litigation during and after an uncertain time for all businesses, especially in the laundry industry in New York City, the Parties came to an agreement to settle the case. Specifically, following extensive negotiations, the Parties reached a settlement in the amount of $7,500.00, inclusive of attorneys' fees and costs, the total amount which will be paid out as follows: $3,750 within 30 days of judicial approval and the remainder to be paid over a period of six (6) months.

## III.    **The Settlement is Fair and Reasonable**

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900

F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's length bargaining between experienced labor and employment counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

*The Risk and Expenses Faced by the Parties*

Both Parties in this matter faced substantial risks in moving forward in this litigation. In the event that a trier of fact determined that Plaintiff was paid in accordance with the minimum wage and was properly compensated for all overtime hours, if any, worked, Plaintiff's unpaid wage claims would be in serious jeopardy. Finally, Plaintiff faced the prospect of waiting many months, if not years, for the matter to proceed through trial. Moreover, there remains a very real risk to Plaintiff that Defendants may no longer be economically viable even if she was successful at the end of litigation. At this stage of the proceedings, Plaintiff is obtaining a recovery without having to go through the time-consuming and risky process of litigating her claims.

Conversely, while Defendants were confident that they would be able to challenge Plaintiff's claims, they were also mindful of the risk that Plaintiff may have prevailed on some claims, and that even if Defendants were successful, it would have only occurred after a protracted litigation and at a significant cost – a cost they simply cannot bear given the ongoing pandemic and state of the economy continues to decimate their business. The costs of litigation and prospects of liability for Defendants clearly weighed in favor of early resolution. Accordingly, both Parties faced substantial risks in proceeding with the litigation, which weighs in favor of approval of the Agreement.

*The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

It cannot be disputed that the Agreement was the product of legitimate bargaining between experienced labor and employment counsel which was devoid of any resemblance of fraud or

collusion. Plaintiff's counsel zealously advocated on behalf of her client from the inception of this matter through negotiating the amount of the settlement, to memorializing the terms of same. Similarly, Defendants' counsel worked to ensure that Defendants reached a settlement where Plaintiff was not receiving any more than she may be entitled to in the event she was successful at trial, while taking into account the expensive cost of a lengthy trial. The Agreement constitutes an effort by experienced labor and employment counsel for both Parties to resolve the dispute under the best possible circumstances for their respective client. Accordingly, the Agreement should be approved by the Court.

IV.    **Plaintiff's Application for Attorney's Fees Should be Approved**

Under the settlement, the Plaintiffs' counsel will receive $2,500 from the total. This represents a third (33.33%) of the settlement amount and constitutes the number reflected in the Plaintiff retainer agreement, which includes all costs

A brief biography of the attorney who performed billed work in this matter is as follows:

a.  Lina Stillman has been practicing law since 2012, and her hourly rate is $350 per hour. Prior to forming Raglan and Stillman LLP, she was an associate at two (2) law firms where she practiced exclusively in the areas of Labor and Employment with an emphasis on wage and hour litigation.

Miss Stillman speaks fluent Spanish, Italian and Portuguese and can translate and communicate with all her clients. She is an active member of the LGBT Rights Committee of the New York City Bar Association and an active Pro Bono Counsel at the Bar Association Clinics.

V.    **Conclusion**

For all of the reasons set forth above, the Parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

Respectfully submitted,
Kaufman Dolowich & Voluck, LLP

Keith Gutstein
Edward Grimmett

cc:    All counsel (*via* ECF)

# Exhibit A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Sandra Correa (the "Plaintiff") on the one hand, and Gold Bull Vend, LLC, d/b/a Sudsy Water Laundry & Dry Cleaners ("Gold Bull Vend") and LaChena Clark[1] (collectively the "Defendants") ("Plaintiff" and "Defendants" are collectively referred to herein as the "Parties"), on the other hand.

WHEREAS, Plaintiff commenced an action against Defendants in the United States District Court for the Southern District of New York (the "Court"), bearing docket no. 21-cv-07781-JGK (the "Action") by filing an Amended Complaint on September 23, 2021 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

WHEREAS, Defendants deny all substantive allegations made by Plaintiff;

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

WHEREAS, the Parties, through their counsel, have negotiated extensively in good faith and have agreed to a Settlement and Release Agreement acceptable to the Parties, which constitutes a reasonable compromise of Employee's claims and Employer's defenses and the *bona fide* dispute between the Parties;

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

---

[1]     "LaChena Clark" was incorrectly identified in the caption of the Amended Complaint as "LaChana Clark."

1.      In consideration of the payment to Plaintiff by Defendants collectively of the gross sum of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) (the "Settlement Amount"), Sandra Correa hereby releases and forever discharges Gold Bull Vend, LLC, d/b/a Sudsy Water Laundry & Dry Cleaners and LaChena Clark, and each of Gold Bull Vend's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of LaChena Clark's heirs, executors, administrators, agents, successors, affiliates, employees, and assigns, as well as anyone employed by any of the Defendants, anyone deemed by Plaintiff to be an "employer" during her alleged employment with any of the Defendants, and Gold Bull Vend's predecessors, successors, parent companies, holding companies, and subsidiaries, (all said individuals and entities referenced above are, with Defendants hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Sandra Correa and each of Sandra Correa's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, and/or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages (including, but not limited to, all alleged damages due to untimely payment), and statutory penalties

(including, but not limited to, all damages or penalties due to improper wage notices and/or improper wage statements). This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action.

2.      The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for Approval of the Settlement and Release Agreement within thirty (30) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed and notarized by Plaintiff; (b) Defendants' counsel receives a completed IRS Form W-4 for Plaintiff; (c) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff; (d) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff's counsel; and (e) Defendants' counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3.      Defendants shall pay the Settlement Amount in seven (7) Installments as follows:

    (a) Within thirty (30) days of the date the Court "So Orders" the Stipulation of Dismissal with Prejudice, Defendants shall pay the First Installment of the Settlement Amount in the total sum of Three Thousand Seven Hundred Fifty Dollars ($3,750) to be distributed as follows:

        i.   One (1) check payable to "Sandra Correa" in the gross amount of Two Thousand Five Hundred Dollars ($2,500), representing payment for Plaintiff's alleged liquidated damages;

        ii.  One (1) check payable to "STILLMAN LEGAL PC" in the gross amount of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($1,250.00), representing payment for Plaintiff's alleged attorney's fees.

(b) Within thirty (30) days of the date Defendants pay the First Installment of the Settlement Amount, Defendants shall pay the Second Installment in the total sum of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) of the Settlement Amount to be distributed as follows:

    i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

    ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

(c) Within thirty (30) days of the date Defendants pay the Second Installment of the Settlement Amount, Defendants shall pay the Third Installment in the total sum of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) of the Settlement Amount to be distributed as follows:

    i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

    ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

(d) Within thirty (30) days of the date Defendants pay the Third Installment of the Settlement Amount, Defendants shall pay the Fourth Installment in the total sum

of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) of the Settlement Amount to be distributed as follows:

    i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

    ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

(e) Within thirty (30) days of the date Defendants pay the Fourth Installment of the Settlement Amount, Defendants shall pay the Fifth Installment of the Settlement Amount in the total sum of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) to be distributed as follows:

    i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

    ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

(f) Within thirty (30) days of the date Defendants pay the Fifth Installment of the Settlement Amount, Defendants shall pay the Sixth Installment of the Settlement Amount in the total sum of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) to be distributed as follows:

       i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

       ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

   (g) Within thirty (30) days of the date Defendants pay the Sixth Installment of the Settlement Amount, Defendants shall pay the Seventh Installment of the Settlement Amount in the total sum of Six Hundred Twenty Five Dollars and Zero Cents ($625.00) to be distributed as follows:

       i. One (1) check payable to "Sandra Correa" in the total amount of Four Hundred Sixteen Dollars and Sixty Seven Cents ($416.67), representing payment for Plaintiff's alleged liquidated damages and penalties; and

       ii. One (1) check payable to "STILLMAN LEGAL PC" in the total amount of Two Hundred Eight Dollars and Thirty Three Cents ($208.33), representing payment of Plaintiff's attorneys' fees and costs.

4.     Defendants may issue an IRS tax Form 1099 to Plaintiff and Stillman Legal, P.C. for their respective portions of the of the Settlement Amount. Plaintiff agrees to hold Defendants harmless and indemnify Defendants from any payments Defendants may be required to make to any taxing authority as a result of the payment of the Settlement Amount.

5.     Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, and/or any other law, regulation, or ordinance

regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's alleged employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiff further agrees that she will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as she acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands and/or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands and/or actions, and that Plaintiff will execute such papers and/or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand and/or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a complaint and/or charge of discrimination with, and/or cooperating with an investigation conducted by, an appropriate local, state, and/or federal agency.

6.      Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown and/or unsuspected rights, claims, demands, and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands, and/or causes of action herein specified.

7.      Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, she is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses, and has been paid in full.

8.      Plaintiff agrees that she shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices. Plaintiff further agrees to take no action which is intended, or would reasonably be expected, to harm any Releasee, or their reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee.  In addition, LaChena Clark agrees that she shall not make any: (a) statement, written, oral or electronic, which in any way disparages Plaintiff; or (b) negative statement, written, oral or electronic, about Plaintiff.  LaChena Clark also agrees to take no action which is intended, or would reasonably be expected, to harm Plaintiff, or Plaintiff's reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to Plaintiff.  Notwithstanding the provisions of this Paragraph, Plaintiff and LaChena Clark shall each be entitled to provide truthful statements about their experience litigating this Action, about Plaintiff's claims in this Action, and about the resolution of this Action.

9.      The Parties agree that, in an action arising from any alleged breach by Plaintiff of the Agreement, in addition to any remedies available to Releasees in law or equity for a breach thereof, if any Releasee is the prevailing party, Releasees shall be entitled to receive from Plaintiff

liquidated damages in an amount equal to the Settlement Amount, as well as reasonable attorney's fees and costs.

10.     Plaintiff affirms that she is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare and/or Medicaid has paid Conditional Payments for the treatment of injuries arising out of and/or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

11.     Plaintiff further represents that she is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of her employment with Releasees or anytime thereafter through the date of this Agreement.  Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, and/or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with Releasees.  Plaintiff further agrees that she, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, and/or causes of action that may exist or have been asserted or that may in the future exist or be asserted.  In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare and/or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

12.     The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

13.    This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14.    Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims.  Plaintiff acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any plausible legal claims she could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15.    The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

16.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto relating to the claims alleged in the Action, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement relating to the claims alleged in the Action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17.    The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

18.    This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19.    This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

20.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, this Agreement may be electronically signed via DocuSign and any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Keith Gutstein, Esq. and Edward Grimmett, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, kgutstein@kdvlaw.com and egrimmett@kdvlaw.com; and counsel for Plaintiff, Lina Stillman, Esq., Raglan and Stillman, LLP, 42 Broadway, 12th Floor, New York, New York 10004, ls@stillmanlegalpc.com.

21.    Concurrently with the execution of this Agreement, Defendants shall execute an Affidavit for Confession of Judgment in the form attached hereto as **Exhibit B**. Gold Bull Vend and LaChena Clark shall provide Plaintiff's counsel with an executed Affidavit for Confession of Judgment. The Affidavit for Confession of Judgment will be held in escrow by Plaintiff's counsel. In the event Defendants are in default of any of the payments required in Paragraph 3 of this Agreement, Plaintiff's counsel shall provide fourteen (14) calendar days' written notice to counsel for Defendants of Plaintiff's intent to file the Affidavit for Confession of Judgment with the clerk of any Court of competent jurisdiction in the State of New York. Such written notice to cure shall be delivered to counsel for Defendants via first class mail and e-mail in accordance with the notice provision set forth in Paragraph 20 of this Agreement. Defendants will have fourteen (14) calendar days upon receipt of said notice to cure to remedy their default before Plaintiff files the Affidavit

for Confession of Judgment.  If, and only if, Defendants each fail to remedy their default during the fourteen (14) calendar day cure period, Plaintiff shall be entitled to the amount equal to 200% of the remaining balance of the Settlement Amount currently unpaid as of the date the Affidavit for Confession of Judgment is filed collectively from Gold Bull Vend and LaChena Clark and may be permitted to file the Affidavit for Confession of Judgment with the clerk of court of any Court of competent jurisdiction in the State of New York.  Should the Affidavit for Confession of Judgment be rejected by the clerk of the Court for any reason or should the Court decline to enter judgment in Plaintiff's favor on the Affidavit for Confession of Judgment, then Gold Bull Vend and LaChena Clark will fully cooperate in providing Plaintiff, or the Court, with such different or additional documents as may prove necessary in order to have the judgment entered, consistent with the purposes of this Agreement.  Plaintiff may then record and enforce the judgment against Gold Bull Vend and LaChena Clark in the manner and to the extent allowed by law.

(a) Upon complete satisfaction of all payments set forth in Paragraph 3 of this Agreement, the Affidavit for Confession of Judgment will be deemed null and void, and Plaintiff's counsel will destroy or return the Affidavit for Confession of Judgment to counsel for Defendants and will retain no copies of same.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement
and Release Agreement freely and voluntarily.

_____
Sandra Correa
Date: 11 / 2 9 / 2022

_____
Gold Bull Vend, LLC d/b/a Sudsy Water Laundry & Dry
Cleaners
**By:** LaChena Clark
**Title:** Owner
**Date:** 12/5/22

_____
LaChena Clark
**Date:**    12/5/2022

LINA M FRANCO
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. # 02FR6276754
COMM. EXP. 2/21/

13

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SANDRA CORREA, *individually and on behalf of*
*others similarly situated,*

Plaintiff,

GOLD BULL VEND, LLC (DBA AS SUDSY
WATER LAUNDRY & DRY CLEANERS)
LECHANA CLARK.

Defendants.
-------------------------------------------------------------------x

Case No.: 21-cv-07781-JGK

**STIPULATION OF
DISMISSAL WITH
PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between Sandra Correa

("Plaintiff") and Gold Bull Vend, LLC d/b/a Sudsy Water Laundry & Dry Cleaners and LaChena

Clark[2] (collectively the "Defendants"), through their undersigned counsel that, whereas no party

hereto is an infant or incompetent person for whom a committee has been appointed, and no person

not a party has an interest in the subject matter of the action, in accordance with Rule

41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned

action and all claims alleged therein be dismissed with prejudice, with each party to bear their own

attorneys' fees and costs.

Plaintiff is precluded from bringing any further claims against the Defendants under the

Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid

wages, including minimum wages and overtime pay for the period set forth in Plaintiff's

Complaint.

---

[2]    "LaChena Clark" was incorrectly identified in the Caption of the Amended Complaint as "LeChana Clark."

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: _____, 2022

RAGLAN AND STILLMAN, LLP
*Attorneys for Plaintiff*

By: *Lina Franco Stillman, Esq*
    Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
(212) 832-1000
ls@stillmanlegalpc.com


**SO ORDERED:**

_____
Hon. John G. Koeltl, U.S.D.J.

Dated: December 5, 2022

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants*

By: _____
    Keith Gutstein, Esq.
    Edward Grimmett, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com
egrimmett@kdvlaw.com

16

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
SANDRA CORREA, *individually and on behalf of*
*others similarly situated,*

                   Case No.:  21-cv-07781-JGK

            Plaintiff,

                   **AFFIDAVIT FOR**
                   **CONFESSION OF**
                   **JUDGMENT**

GOLD BULL VEND, LLC (DBA AS SUDSY
WATER LAUNDRY & DRY CLEANERS)
LECHANA CLARK.

            Defendants.
----------------------------------------------------------------------x
                **AFFIDAVIT FOR CONFESSION OF JUDGMENT**

STATE OF NEW YORK      )
                       )    ss.:
COUNTY OF _New York_   )

       LaChena Clark, being duly sworn, deposes and says:

    1.     LaChena Clark resides at _70 Locust Ave., New Rochelle, New York, 10801_ and is the owner of Gold Bull Vend, LLC d/b/a Sudsy Water Laundry & Dry Cleaners ("Gold Bull Vend").  LaChena Clark is duly authorized to make this Affidavit for Confession of Judgment on behalf of Gold Bull Vend.

    2.     Gold Bull Vend maintains its principal place of business at

_2394 7th Ave., New York, New York 10030_.

    3.     Defendants Gold Bull Vend and LaChena Clark (collectively, the "Defendants") collectively agreed to pay the gross sum of Seventy Thousand Five Hundred Dollars and Zero Cents ($7,500.00) (the "Settlement Amount") in exchange for the dismissal with prejudice of the action in the United States District Court for the Southern District of New York titled *Sandra Correa v. Gold Bull Vend, LLC (dba as Sudsy Water Laundry & Dry Cleaners) LeChana Clark*[3],  21-cv-07781-JGK.

---
[3]   "LaChena Clark" was incorrectly identified in the Caption of the Amended Complaint as "LeChana Clark."

In furtherance of same, Sandra Correa (the "Plaintiff") on the one hand, and Defendants on the other hand, executed the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

4.      This Affidavit for Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Agreement, which provides that Defendants are to collectively pay the Settlement Amount to Plaintiff, which is payable over a period of seven installments as set forth in the Agreement.

5.      Under the terms of the Agreement, if the Defendants are collectively in default of the payment of any of the installment payments of the Settlement Amount identified in the Agreement, Plaintiff's counsel shall provide fourteen (14) calendar days' written notice of Plaintiff's intent to file this Affidavit for Confession of Judgment with the clerk of any Court of competent jurisdiction in the State of New York.  Such notice must be sent via writing and e-mail to Defendants' counsel, Keith Gutstein, Esq. and Edward Grimmett, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, kgutstein@kdvlaw.com and egrimmett@kdvlaw.com.

6.      Defendants shall have fourteen (14) calendar days to remedy their default.  If, and only if, Defendants collectively fail to remedy such default during this fourteen (14) calendar day time period, Plaintiffs shall be entitled to 200% of the remaining balance of the Settlement Amount currently unpaid as of the date this Affidavit for Confession of Judgment is filed collectively from Gold Bull Vend and LaChena Clark.

7.      If, and only if, Defendants collectively fail to remedy a default of the payment of any of the installments of the Settlement Amount identified in the Agreement within fourteen (14) calendar days of Plaintiff's counsel's sending of such notice to cure, Gold Bull Vend and LaChena Clark hereby authorize the entry of this Affidavit for Confession of Judgment to be filed in any Court

19

of competent jurisdiction in the State of New York, and further authorize judgment against Gold Bull Vend and LaChena Clark, jointly and severally, in the amount equal to the remaining balance of the Settlement Amount currently unpaid as of the date this Affidavit for Confession of Judgment is filed.

8.      This Affidavit for Confession of Judgment is made upon good and valuable consideration, including, without limitation, the terms and provisions of the Agreement, the sufficiency of which LaChena Clark acknowledges on the behalf of herself and on the behalf of Gold Bull Vend.

9.      This Affidavit for Confession of Judgment shall be null and void upon full payment of the Settlement Amount collectively by Defendants.


GOLD BULL VEND LLC D/B/A SUDSY WATER
LAUNDRY & DRY CLEANERS
By: LaChena Clark
Title: Owner
Date: December 5, 2022


LACHENA CLARK
Date: December 5, 2022

4890-4799-1616, v. 1

20